IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERIC DEWAYNE HODGE, #2274041 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv550 |
| DIRECTOR, TDCJ-CID | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Eric Dewayne Hodge, a prisoner confined at the Billy Moore Unit within the Texas Department of Criminal Justice proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Smith County conviction and sentence. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that Petitioner Hodge's habeas petition be denied, the case be dismissed, and that Hodge be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

On June 25, 2019, after pleading guilty, Hodge was sentenced to twelve years' imprisonment for one count of evading arrest or detention with a motor vehicle, (Dkt. #7, pg. id. #917). He pleaded "true" to the enhancement paragraph for a prior felony conviction. Hodge did not file a direct appeal but filed a state habeas application in October 2019. The Texas Court of Criminal Appeals denied his habeas application—without a written order based on the trial court's findings without a hearing and on the court's independent review of the record—on January 29, 2020. *Id*. at pg. id. #882. Hodge filed this federal habeas petition on August 1, 2020.

**II. Hodge's Federal Petition**

Hodge raises one claim in his federal petition: The state trial court lacked jurisdiction because he was indicted before given the opportunity to have an examining trial under Texas law, (Dkt. #1, pg. 6). Specifically, Hodge states that:

> Defendant was indicted before given a chance at examining trial[.] Defendant was never arrested and taken before a magistrate [sic] and given a bond. Therefore [Defendant] never had the opportunity to request an examining trial before being indicted by state.

*Id*. Hodge seeks relief from an "unconstitutional" or "void" twelve-year sentence, (Dkt. #9, pg. 5).

**III. Respondent's Answer and Hodge's Response**

Pursuant to a court order, the Respondent filed an answer addressing Hodge's petition. Respondent asserts that his claim fails on the merits because an examining trial is a state-law issue, (Dkt. #6, pg. 6). In response, (Dkt. #9), Hodge maintains that his claim involves both state and federal law, as the "denial of state procedural requirements is [truly] a violation of the United States Constitution that guarantees the right of due process of law," (Dkt. #9, pg. 1).

Hodge also argues that Respondent failed to address his claims concerning lack of *Miranda* warnings and the lack of an arrest—as if he "was never arrested and taken before a Magistrate and receive[d] *Miranda* warnings, there is no-way the petitioner could have been given the opportunity at requesting an examining trial under Art. 11.01 before being indicted." *Id*. at pg. 3.

**IV. Standard of Review**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We

first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the highly deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**V. Discussion and Analysis**

As Respondent argues, Hodge's federal petition should be denied for several reasons. Hodge maintains that the trial court lacked jurisdiction because he was not afforded an opportunity to have an examining trial under Texas law. But, as Respondent correctly asserts, federal habeas review is available to correct only violations of federal constitutional law—not violations of state procedures. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

If a violation of state procedure occurred, the question on federal habeas review is "whether there has been a constitutional infraction of the defendant's due process rights which would render the trial as a whole fundamentally unfair." *Id.*; *see also Adams v. Cain*, 597 F. App'x 263, 264 (5th Cir. 2015) ("Adams has not shown that the alleged error of the trial court in denying his motion to sever rendered the trial fundamentally unfair."); *Batiste v. Davies*, 2019 WL 2550854, at *2 (N.D. Tex. May 20, 2019) ("Petitioner's challenges to violations of state law and TDCJ policy are not cognizable under § 2254 and should be denied.").

Moreover, the United States Court of Appeals for the Fifth Circuit and federal courts throughout Texas have explained that an "examining trial" is a creation of state law and the denial of such a trial "presents no substantial federal question." *Richardson v. State of Tex.*, 425 F.2d 1372, 1373 (5th Cir. 1970); *see also Reyna v. Stephens*, 2015 WL 1470249, at *11 (S.D. Tex. Mar. 31, 2015) ("Federal law does not guarantee the right to an examining trial prior to an indictment."); *McGrew v. Dretke*, 2012 WL 556180, at *2 (N.D. Tex. Jan. 23, 2012) ("In addition, the United States Constitution does not guarantee either a preliminary hearing or an examining trial before indictment.").

Here, the state habeas court entered findings of fact regarding this claim. Specifically, the state habeas court entered the following:

> 1. The defendant, ERIC DEWAYNE HODGE, was charged by indictment in the 7th District Court of Smith County, Texas, under case Number 007-0007-19, with the offense of evading arrest using a vehicle.
>
> 2. On 25 June 2019, the defendant, with his counsel present, entered a negotiated plea of guilty to the offense as charged in the indictment, and the Court followed the agreed punishment recommendation of the parties, sentencing the defendant to confinement for twelve years in the Texas Department of Criminal Justice-Institutional Division.
>
> . . .
>
> 12. Prior to his indictment, on 10 January 2019, the defendant did not request an examining trial. His right to an examining trial under article 16.01 of the Code of Criminal Procedure terminated on the return of the indictment in this case, and no waiver of such right was thus required for his conviction.

(Dkt. #7, pg. id. #1004-05). The state habeas court's findings and conclusions of law are entitled to a presumption of correctness on federal habeas review and Hodge has the burden of overcoming this presumption. *See Carter v. Collins*, 918 F.2d 1198, 1202 (5th Cir. 1990).

Title 28 U.S.C. § 2254(e)(1) provides the following:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Under this statute, then, only one avenue exists in which a federal court can ignore state fact findings: When the petitioner rebuts the presumption of correctness by clear and convincing evidence. Because the court denied relief on the merits of Hodge's claims, he is bound by 28 U.S.C. § 2254 and must show that the state court's adjudication of his claims resulted in a decision which was contrary to or involved an unreasonable application of clearly established federal law—as established by the Supreme Court, or resulted in a decision based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007).

Hodge, however, failed to overcome the presumption of correctness. As mentioned, an examining trial is a creation of state law—and a defendant has no federal right to one. Because Hodge had no constitutional right to an examining trial prior to his indictment, his claim fails and should be dismissed.

In his response to Respondent's answer, Hodge insists that his due process rights were violated through a lack of arrest and the failure to provide *Miranda* warnings because he was not provided an examining trial. This claim fails, however, because Hodge entered a guilty plea. When a criminal defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects—which include claims regarding an arrest and *Miranda*—in the proceedings leading to a conviction. *See United States v. Celestine*, 546 F. App'x 346, 347 (5th Cir. 2013) (unpublished); *see also Brown v. Butler*, 811 F.2d 938, 950 (5th Cir. 1987) (explaining that a guilty plea waives claims regarding Miranda violations); *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (holding that the illegal searches and seizures were non-jurisdictional defects waived by a knowing and voluntary guilty plea). Challenges are limited to whether the guilty plea was voluntary and knowing, and the Supreme Court succinctly explains the rationale:

> [A] guilty plea represents a chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense for which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea…

*Villreal v. Davis*, 2020 WL 1659895, at *13 (S.D. Tex. Mar. 30, 2020) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Here, Hodge is raising independent claims—lack of *Miranda* and faulty arrest—that occurred prior to his entry of the guilty plea. His guilty plea forecloses challenges that are not related to whether his guilty plea was voluntary and knowing. *See United States v. Samaniego*, 532

F. App'x 531, 534 (5th Cir. 2013) (unpublished). Indeed, the state habeas court explicitly found that Hodge's guilty plea was voluntary, knowing, and intelligent—which is presumed to be correct. He fails to overcome this presumption. The state habeas court found the following:

> 6. During his plea hearing on 25 June 2019, the defendant testified to the Court as follows:
>
>> a. He understood he was pleading GUILTY to the offense of evading arrest as charged in the indictment. He was pleading GUILTY to the charge because he was guilty and for no other reason. No one threatened or promised the defendant anything to get him to plead GUILTY. He entered his plea of his own free will.
>>
>> b. He was judicially confessing, in the sworn stipulation of evidence, that he was GUILTY as charged in the indictment. He signed the written stipulation of evidence of his own free will.
>>
>> c. He understood the terms of his plea agreement with the State, and he had sufficient time to discuss the terms of the plea agreement with his trial counsel and wished to proceed with his plea of GUILTY.
>>
>> d. He was satisfied with his trial counsel's representation of him and had no complaints about that representation.
>
> 7. The judicial confession of the defendant in the sworn stipulation of evidence was freely, intelligently, knowingly, and voluntarily made after full consultation with counsel, admonishment by the Court, and after a written waiver of rights by the defendant.
>
> 8. The defendant was informed of and understood the terms of the plea agreement in this case, and he freely, intelligently, knowingly, and voluntarily pleaded guilty and accepted his sentence.
>
> 9. The defendant's sworn waivers and plea were made freely, intelligently, knowingly, and voluntarily.

(Dkt. #7, pg. id. #1004).

Hodge offers nothing to suggest or show that his plea was neither voluntary nor knowing; he merely maintains that he was not given an examining trial prior to his indictment. In this way, he has not demonstrated that the state habeas court's findings—that his guilty plea was voluntary, knowing, and intelligent—were unreasonable or contrary to federal law. Hodge's voluntary guilty plea therefore waived all non-jurisdictional defects, and his petition should be denied.

**VI. Certificate of Appealability**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal."  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge.  *Id.*  Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'"  *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336).  Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Hodge failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. He is not entitled to a certificate of appealability.

## RECOMMENDATION

Accordingly, it is recommended that Petitioners Hodge's federal habeas corpus petition be denied and that the case be dismissed, with prejudice. It is further recommended that Hodge be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 12th day of December, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE