IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERIC DEWAYNE HODGE, #2274041, § § § | |
| Petitioner, § § | |
| v. § | Case No. 6:20-cv-550-JDK-KNM |
| § § | |
| DIRECTOR, TDCJ-CID, § § § | |
| Respondent. § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Eric Dewayne Hodge, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Smith County conviction and sentence. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On December 12, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice. Judge Mitchell also recommended that a certificate of appealability be denied. Docket No. 29. Petitioner filed timely objections. Docket No. 33.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the

law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner maintains that the Report failed to address his claims concerning an alleged lack of arrest, *Miranda*, and the indictment. This objection, however, is not supported by the record—as the Report specifically addresses his claims concerning an arrest and *Miranda*. Docket No. 29 at 6–7. The Magistrate Judge correctly found that Petitioner waived all non-jurisdictional defects—which include his claims regarding an arrest and *Miranda*—in the proceedings leading to his conviction because he entered a knowing and voluntary guilty plea. *See United States v. Celestine*, 546 F. App'x 346, 347 (5th Cir. 2013) (unpublished); *see also Brown v. Butler*, 811 F.2d 938, 950 (5th Cir. 1987) (explaining that a guilty plea waives claims regarding *Miranda* violations). Petitioner ultimately failed to meet his burden under 28 U.S.C. § 2254(d).

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 33) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 29) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **12th** day of **January, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE